ORIGINAL

PETER C. ANDERSON
United States Trustee
**FRANK CADIGAN (Bar No. 95666)**
**Assistant United States Trustee**
OFFICE OF THE UNITED STATES TRUSTEE
RONALD REAGAN FEDERAL BUILDING
   and UNITED STATES COURTHOUSE
411 West Fourth Street, Suite 9041
Santa Ana, CA  92701-8000
Telephone: (714) 338-3400
Facsimile: (714) 338-3421



FILED
FEB 15 2007
CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

In re:

**GARY LEROY BOYNE, JR,**

Debtor.

CHAPTER 13

CASE NUMBER : **SA 07-10123 RK**

NOTICE OF MOTION AND MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. §109(h); POINTS AND AUTHORITIES; DECLARATION OF TARI K. KING; AND EXHIBITS

DATE: **MARCH 14, 2007**
TIME: **2:30 P.M.**
CTRM: **"5D"**

TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY JUDGE; DEBTOR; AND AMRANE COHEN, CHAPTER 13 TRUSTEE:

**PLEASE TAKE NOTICE** that on, **March 14, 2007, at 2:30 p.m.** or as soon thereafter as the matter may be heard in courtroom of the Honorable Theodor C. Albert, United States Bankruptcy Judge, Courtroom **"5D"**, 411 West Fourth Street, Ronald Reagan Federal Building and United States Courthouse, Santa Ana, California, the United States Trustee (hereafter the "U.S. Trustee") will request that this case be dismissed pursuant to 11 U.S.C. §109(h)(1), which sets forth one of the eligibility requirements of who may be a debtor, and 28 U.S.C.

109(h)(1)/

1 | §586(a), which sets forth the supervisory duties of the U.S. Trustee.

2 | This motion is based upon this Notice of Motion and Motion, the
3 | attached Points and Authorities, the attached declaration, the
4 | pleadings and documents on file herein, upon oral argument as will be
5 | presented a the time of hearing, and upon such other evidence, both
6 | oral and documentary, as maybe presented at the time of the hearing.

7 | ANY OPPOSITION, JOINDER OR OTHER RESPONSIVE PLEADING TO THIS
8 | NOTICE OF MOTION AND MOTION MUST BE FILED IN WRITING, AND SERVED ON
9 | THE UNITED STATES TRUSTEE AND OTHER PARTIES ENTITLED TO SERVICE
10 | THEREOF AT LEAST FOURTEEN (14) DAYS BEFORE THE DATE SET FOR THE
11 | HEARING ON THIS MOTION, AS REQUIRED BY LOCAL BANKRUPTCY RULE 9013-
12 | 1(a)(7) and (11).

Respectfully submitted,
OFFICE OF THE UNITED STATES TRUSTEE

Dated: February 14, 2007

FRANK CADIGAN
Assistant U.S. Trustee

109(h)(1)/

-2-

## I.

## INTRODUCTION

The U.S. Trustee seeks to dismiss this case pursuant to section 109(h) of the Code. The factual basis for the relief sought is the Debtor's failure to obtain credit counseling before filing his petition.

## II.

On January 16, 2007, Gary Leroy Boyne, Jr.(the "Debtor") filed a voluntary petition under Chapter 13. **See Petition at Exhibit A.** A review of the aforementioned petition reflects that the Debtor **did not** file evidence of participation in a course of credit counseling within the 180-day period proceeding the date of the filing of the petition as required by 11 U.S.C. §109(h)(1).

The Debtor, **did** file the required Exhibit D to the petition, in which the third box was checked indicating a temporary waiver of the credit counseling requirement due to exigent circumstances. The Debtor indicated that the quickest appointment he could receive was not until fifteen (15) days later, but no motion for determination was filed with the court as required by Exhibit D. To date, the debtor has not filed the required credit counseling certificate. **See Exhibit B and the electronic PACER docket attached hereto at Exhibit C.**

## III.

### MEMORANDUM OF POINTS AND AUTHORITIES

**A.    Jurisdiction And Standing**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157(b) and §1334(b), and this matter is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (O). Venue is appropriate in this court. 28

109(h)(1)/

-3-

1 U.S.C. §1409(a). The U.S. Trustee has standing to be heard with regard
2 to this matter in accordance with 11 U.S.C. §707(a), 11 U.S.C. §307 and
3 28 U.S.C. §586(a)(5).

**B. Debtor Has Failed To Comply With The Requirements Of §§109(h) And 521(b)(1)**

Through the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the United States Congress established the requirement that a prospective individual debtor must obtain a briefing from an approved nonprofit budget and credit counseling agency prior to filing a case under title 11. Specifically, 11 U.S.C. §109(h) provides in relevant part as follows:

> (1) . . . [A]n individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

The debtor has an additional duty to file a certificate of completion of this course issued by the approved nonprofit budget and credit counseling agency (hereafter "Certificate"). 11 U.S.C. §521(b)(1) reads, in relevant part, as follows:

> ....a debtor who is an individual shall file with the court...a certificate from the approved non-profit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor....

In this instance, the Debtor did not provide evidence of the completion of credit counseling prior to the bankruptcy filing from an approved credit counseling agency in this case, and, thus, did not file the required certificate of completion prior to the filing of the bankruptcy case.

1  A debtor who fails to receive the pre-petition credit counseling
2  or who is not exempt from this requirement "may not be a debtor" and the
3  case must be dismissed. In re: Laporta, 332 B.R. 879, 883 (Bankr. D.
4  Minn. 2005). See also, In re: Mingueta, 338 B.R. 833 (Bankr. C.D. Cal.
5  2006). In the present case, while the Debtor **did** check the box on
6  Exhibit D to the petition indicating that a temporary waiver of credit
7  counseling was requested. To date, the debtor has not filed evidence
8  of participation. **See Exhibit B to the petition and the electronic
9  PACER docket attached hereto at Exhibit C.**

10  Accordingly, **Gary Leroy Boyne, Jr.** may not be a debtor and this
11  case must be dismissed.

C.  **The Court Has No Discretion To Waive The Credit Counsel Requirement Under These Circumstances; Debtor Has Not Even Requested A Waiver Of The Credit Counsel Requirement**.

A debtor's failure to obtain pre-petition credit counseling cannot be cured subsequent to the commencement of the case.[1] Further, the Court does not have the discretion to waive the pre-petition counseling requirement (except as set forth in §109(h)(3) and (4)).[2] In the present case, the Debtor failed to file the appropriate motion with the court seeking a waiver of the credit counseling requirement.

---

[1] For example, see, In re: Talib II, 335 B.R. at 428 ("Because this requirement cannot be cured subsequent to the date of filing, dismissal of the case is appropriate."). See also, In re: LaPorta, 332 B.R. at 883 ("This lack of eligibility is an incurable defect....").

[2] For example, see, In re: Davenport, 335 B.R. at 221 ("[A] bankruptcy court cannot disregard any of the requirements [of §109(h)(3)], even in the name of 'equity'")(footnote omitted); id. ("The Court has no discretion, however, to ignore the statutory requirements of Section 109(h)(3)").

109(h)(1)/                                    -5-

**EXIGENT CIRCUMSTANCES:**

Section 109(h)(3)(A) provides that paragraph (1) of § 109(h), the provision that requires credit counseling[3] prior to filing the bankruptcy petition, shall not apply to a debtor who submits to the court a certification that (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1); (ii) states that the debtor requested credit counseling from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and (iii) is satisfactory to the court.

All this debtor has done is make a one sentence statement that says "The quickest appointment I could receive is the 31st of January". Exhibit "D" provides that Exhibit "D" must be accompanied by a motion for determination by the court, that summarizes the exigent circumstances.

This debtor has not complied with the rules. He has not filed the required motion. He has not described exigent circumstances that merit a waiver of the requirement to obtain credit counseling prior to filing bankruptcy.

In other words, what circumstances existed that were so exigent or requiring such immediate action, that credit counseling, prior to the filing, should be waived. The debtor has not indicated what these circumstances are.

---

[3] Credit counseling, prior to filing the petition, is the debtor's ticket in to bankruptcy so to speak and debtor education, the counseling received after the petition is filed, is the debtor's ticket out of bankruptcy, the right to receive a discharge.

109(h)(1)/                                    -6-

There are many lines of cases that conclude that the exigent circumstances standard is a high one that is generally not satisfied when the debtor has sufficient advance knowledge of the threatened creditor action to obtain the credit counseling before the creditor action takes effect. *See In re DiPinto,* 336 B.R. 693 (Bankr. E.D.Pa 2006)(debtor's imminent loss of home to foreclosure scheduled to occur on petition date not exigent circumstances); *See also In re Rodriguez,* 336 B.R. 462, 474-76 (Bankr. D. Idaho 2005) (boiler plate allegations regarding impending third garnishment insufficient); *In re Valdez,* 335 B.R. 801,803 (Bankr.S.D.Fla.2005) (filing bankruptcy to prevent foreclosure scheduled two days later not exigent circumstances, because foreclosure did not prevent debtor from obtaining counseling); *In re Afolabi,* 343 B.R. 195,196 (Bankr.S.D.Ind. 2006)("Exigent circumstances" certification submitted to the bankruptcy court in order to obtain a deferral of the Bankruptcy Abuse Prevention and Consumer Protection Act's (BAPCPA's) prepetition credit counseling requirements should ideally set forth the facts underlying any alleged exigent circumstances, the date(s) on which the debtor requested credit counseling, which agencies were contacted to render the services, why the debtor believes that the services could not be obtained before the filing, and when the services are reasonably likely to be obtained).[4]

It is submitted that this debtor has failed to explain the exigent circumstances that would constitute a waiver of the requirement to seek

---

[4] *But see In re Romero,* 349 B.R. 616,619 Bankr.N.D.Cal.2006), wherein the court held that the threat of serious creditor action before credit counseling can be obtained generally is sufficient to establish exigent circumstances. Serious creditor action could include foreclosure, eviction, wage garnishment, or repossession of an automobile. See Footnote 1.

credit counseling, prior to filing the bankruptcy petition.

**D.  The Bankruptcy Code Contemplates Dismissal Of The Case.**

The vast majority of courts who have found an individual to be ineligible to be a debtor by operation of 11 U.S.C. §109(h) have also subsequently dismissed the individual's case. See, e.g., In re: Dixon, 338 B.R. 383, 385(8th Cir. BAP Mo.) (noting that "[o]nce the bankruptcy court denied the debtor's request for a waiver, it concluded correctly that under §109(h), the debtor was not eligible to be a debtor under the Bankruptcy Code. It determined, as virtually every court that has visited this issue has, that once that determination is made, dismissal of the case is appropriate"); In re: Mingueta, 338 B.R. 833, 834 (Bankr. C.D. Cal. 2006); In re: Rodriguez, 336 B.R. 462 (Bankr. D. Idaho 2005) (finding eligibility requirements of §109(h)(1) were not met, and, therefore, case must be dismissed); In re: Talib I, 335 B.R. 417 (Bankr. W.D. Mo. 2005) (dismissing Chapter 13 case for failure to meet requirements of §109(h)); In re: Sukmungsa, 333 B.R. 875 (Bankr. D. Utah 2005)(dismissing case based on failure to obtain credit counseling); In re: Wallert, 332 B.R. 884 (Bankr. D. Minn. 2005) (cause existed for failure of Chapter 13 case where debtor failed to provide exigent circumstances why no credit counseling obtained prior to filing); In re: Watson, 332 B.R. 740 (Bankr. E.D. Va. 2005) (request for 30-day extension to obtain credit counseling denied and Chapter 11 case dismissed); In re: Laporta, 332 B.R. 879 (Bankr. D. Minn. 2005) (cause for dismissal of Chapter 7 case under 11 U.S.C. §707(a) found where debtor failed to meet requirements of §109(h)).

Most courts have dismissed cases without discussing why dismissal was the appropriate disposition of the case, although some courts have included discussion finding that the incurable ineligibility to be a

109(h)(1)/                                -8-

debtor pursuant to §109(h) is the most fundamental "cause" for dismissal under 11 U.S.C. §707(a). In re: Wallert, 332 B.R. at 891 ("A lack of statutory eligibility to 'be a debtor', if it goes to a default on the part of the debtor that is incapable of cure under the very terms of the Code, is the very most fundamental 'cause' for dismissal.") See also, In re: La Porta, 332 B.R. at 883-884.

More recently, courts have addressed the specific issue regarding the proper disposition of such cases and have concluded that dismissal is the appropriate remedy. These courts have noted the "absence of any indication that Congress intended that ineligibility under §109(h) be treated any differently than ineligibility under §109(g)" and have thus ruled that these cases be dismissed. In re: Ross, 338 B.R. 134, 139 (Bankr. N.D. Ga. 2006); see also, In re: Tomco, 339 B.R. 145 (Bankr. W.D. Pa. 2006). These courts have also concluded that §109 is not a jurisdictional statute. In re: Ross, 338 B.R. at 138; see also, In re: Tomco, 339 B.R. 145, 151, wherein the Court ruled that the 2005 Act requires individual consumer debtors to complete pre-petition credit counseling, briefings and post-petition financial education courses as a pre-requisite to being eligible for bankruptcy relief in the first instance and as a condition for being eligible for discharge at the conclusion of the case.

In contrast, a minority of courts, in order to avoid the impact on the automatic stay in any subsequently filed case, have rejected the idea of dismissal and have instead "stricken" either the case or the petition.[5] See In re: Rios, 336 B.R. 177 (Bankr. S.D.N.Y. 2005); see

---

[5] Under changes made effective by BAPCPA, the automatic stay under 11 U.S.C. §362 has been modified with respect to repeat filers. Pursuant to §362(c)(3), where a debtor has had a prior case pending

109(h)(1)/    -9-

also, In re: Hubbard, 333 B.R. 377 (Bankr. S.D. Tex. 2005). These courts have based this result on equitable grounds and on 11 U.S.C. §301, finding that the filing was void ab initio because the petition was not filed by a person who may be a debtor and thus no case was commenced. See In re: Hubbard 333 B.R. at 388 ("no 'case' was commenced by the filing of these petitions. Because no case was commenced under §301, there is no 'case' to dismiss.").

The U.S. Trustee urges the Court to follow the majority of courts and dismiss this case.

## IV.

## CONCLUSION

Based on the foregoing, the U.S. Trustee respectfully submits that the case must be dismissed as **Gary Leroy Boyne, Jr.** is ineligible to be a Debtor.

Respectfully submitted,
OFFICE OF THE U.S. TRUSTEE

Date: _February 14, 2007_  By: _/s/ Frank Cadigan_
Frank Cadigan
ASSISTANT U.S. TRUSTEE

---

within the preceding one-year period that was subsequently dismissed, the automatic stay in the next case shall terminate automatically on the thirtieth day after the filing of that case. However, debtors may move to extend the period of the automatic stay by demonstrating to the court that the later filed case was filed in good faith. 11 U.S.C. §362(c)(3)(B).

109(h)(1)/

## DECLARATION OF TARI K. KING

I, Tari K. King, make this declaration upon my own personal knowledge and hereby declare and state as follows:

1. I am employed as a Legal Clerk by the United States Trustee ("U.S. Trustee") for Region 16. My duties include monitoring and overseeing Chapter 13 cases filed in the Santa Ana Division, including the case of <u>In re Boyne, Jr.</u> SA 07-10123 RK.

2. On January 16, 2007, Gary Leory Boyne, Jr. (the "Debtor") filed a voluntary petition under chapter 13. **A conformed copy of the Petition is attached hereto at Exhibit A.**

3. I have reviewed the aforementioned petition and it reflects that the Debtor **did not** file evidence of participation in a course of credit counseling within the 180-day period proceeding the date of the filing of the petition as required by 11 U.S.C. §109(h)(1).

4. The Debtor, **did** file the required Exhibit D to the petition indicating a temporary waiver of credit counseling was requested due to exigent circumstances. The Debtor indicated that the quickest appointment he could receive was not until fifteen (15) days later, but no motion for determination was filed with the court as required by Exhibit D. To date, the debtor has failed to file the certification of credit counseling as required by Exhibit D. **See Exhibit B to the petition and electronic PACER docket attached hereto at Exhibit C.**

The above-stated facts are true and correct to the best of my knowledge and belief. I would testify to the same in a court of law under penalty of perjury.

Dated: 2/12/07

TARI KING
Legal Clerk

109(h)(1)/                                    - 10 -

Form B1 (Official Form 1) - (Rev. 10/06)                                                                                    2006 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): BOYNE, GARY, LEROY, JR | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): 5233 | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State): 8343 SAN CLEMENTE WAY BUENA PARK, CA.    ZIP CODE 90620 | Street Address of Joint Debtor (No. & Street, City, and State):    ZIP CODE |
| County of Residence or of the Principal Place of Business: ORANGE | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):    ZIP CODE | Mailing Address of Joint Debtor (if different from street address):    ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):    ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check one box.)
- [X] Individual (includes Joint Debtors) See Exhibit D on page 2 of this form
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (if debtor is not one of the above entities, check this box and state type of entity below)

**Nature of Business** (Check one box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] other

**Tax-Exempt Entity** (Check one box, if applicable)
- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.)

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- [ ] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [X] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box.)
- [X] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [ ] Debts are primarily business debts.

**Filing Fee** (Check one box)
- [X] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors:**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101 (51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2 million.

Check all applicable boxes:
- [ ] A plan is being filed with this petition
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b)

**Statistical/Administrative Information**
- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**THIS SPACE FOR COURT USE ONLY**

**Estimated Number of Creditors**

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [X] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

**Estimated Assets**

| $0 to $10,000 | $10,001 to $100,000 | $100,001 to $1 million | $1,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|
| [ ] | [ ] | [X] | [ ] | [ ] |

**Estimated Liabilities**

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $1 million | $1,000,001 to $100 million | More than $100 million |
|---|---|---|---|---|
| [ ] | [ ] | [X] | [ ] | [ ] |

FILED
JAN 1 6 2007
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

SA C7-10123 RK



Form B1 (Official Form 1) (Rev. 10/06)     2006 USBC, Central District of California

**Voluntary Petition**
(This page must be completed and filed in every case.)

Name of Debtor(s): GARY L. BOYNE JR.

FORM B1, Page 2

| Prior Bankruptcy Case Filed Within Last 8 Years (If more than two, attach additional sheet) |||
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (if more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____
    Signature of Attorney for Debtor(s)         Date

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

**Exhibit D**
(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

---

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
Check all applicable boxes.

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

Form B1 (Official Form 1) (Rev. 10/06)  　　　　　　　　　　　　　　　　　　　　　　　　　　　2006 USBC, Central District of California

| **Voluntary Petition** (This page must be completed and filed in every case) | Name of Debtor(s): | FORM B1, Page 3 |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct. [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _[signed] Nancy F Beymer_
Signature of Debtor

X _____
Signature of Joint Debtor

714-420-9538
Telephone Number (If not represented by attorney)

1-16-2007
Date

### Signature of Attorney

X _____
Signature of Attorney for Debtor(s)

_____
Printed Name of Attorney for Debtor(s)

_____
Firm Name

_____
Address

_____

_____
Telephone Number

_____
Date    Bar Number

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign main proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

_____

X _____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

Official Form 1- Exhibit D (Rev 10/06) page 2                2006 USBC, Central District of California

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
  ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
  ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
  ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: *[signature]*

Date: 1-16-07

2

Official Form 1- Exhibit D (Rev 10/06) page 1          2006 USBC, Central District of California

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

In re: GARY L. BOYNE JR
Debtor(s).

CHAPTER: 13
CASE NO.:

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☐ 1. Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days before the filing of my bankruptcy case, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☒ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.].*
THE QUICKEST APPT. I Could Receive IS THE 31ST OF JAN.

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

1

"B"

Ovrride, PlnDue, Incomplete

# U.S. Bankruptcy Court
## Central District Of California (Santa Ana)
### Bankruptcy Petition #: 8:07-bk-10123-RK

*Assigned to:* Robert N. Kwan
Chapter 13
Voluntary
Asset

*Date Filed:* 01/16/2007

*Debtor*
**Gary Leroy Boyne, Jr**
8343 San Clemente Way
Buena Park, CA 90620
SSN: xxx-xx-5233

represented by **Gary Leroy Boyne, Jr**
PRO SE

*Trustee*
**Amrane Cohen**
770 The City Dr So Ste #3300
Orange, CA 92868
(714) 621-0200

*U.S. Trustee*
**United States Trustee (SA)**
411 W Fourth St., Suite 9041
Santa Ana, CA 92701-4593

| Filing Date | # | Docket Text |
|---|---|---|
| 01/16/2007 | 1 | Chapter 13 Voluntary Petition . Receipt Number o, Fee Amount $274 Filed by Gary Leroy Boyne Jr Section 316 Incomplete Filings due by 3/2/2007. Schedule A due 1/31/2007. Schedule B due 1/31/2007. Schedule C due 1/31/2007. Schedule D due 1/31/2007. Schedule E due 1/31/2007. Schedule F due 1/31/2007. Schedule G due 1/31/2007. Schedule H due 1/31/2007. Schedule I due 1/31/2007. Schedule J due 1/31/2007. Statement of Financial Affairs due 1/31/2007. Employee Income Record due by 1/31/2007. Statement - Form 22C Due: 1/31/2007. Statement of assistance of non-attorney due 1/31/2007. Summary of schedules due 1/31/2007. Declaration concerning debtors schedules due 1/31/2007. Chapter 13 Plan due by 1/31/2007. Cert. of Credit Counseling due by 1/31/2007. Debt Repayment Plan due by 1/31/2007. Statistical Summary due 1/31/2007. Incomplete Filings due by 1/31/2007. (Nguyen, Vi) (Entered: 01/16/2007) |
| 01/16/2007 | 2 | First Meeting of Creditors with 341(a) meeting to be held on 02/27/2007 at 09:00 AM at RM 1-154, 411 W Fourth St., Santa Ana, |

|  |  |  |
|---|---|---|
|  |  | CA 92701. Confirmation hearing to be held on 04/11/2007 at 01:30 PM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. Proof of Claim due by 05/29/2007. (Nguyen, Vi) (Entered: 01/16/2007) |
| 01/16/2007 | 3 | Exhibit D Filed by Debtor Gary Leroy Boyne Jr . (Nguyen, Vi) (Entered: 01/16/2007) |
| 01/16/2007 | 4 | Notice of Requirement to Complete Course in Financial Management (BNC) . (Nguyen, Vi) (Entered: 01/16/2007) |
| 01/16/2007 | 5 | ORDER directing plan payment to trustee and directing payment of residential mortgage pending meeting of creditors (BNC) Signed on 1/16/2007. (Nguyen, Vi) (Entered: 01/16/2007) |
| 01/16/2007 |  | Receipt of Chapter 13 Filing Fee - $274.00 by VN. Receipt Number 80009099. (admin) (Entered: 01/17/2007) |
| 01/18/2007 | 6 | BNC Certificate of Mailing. (RE: related document(s)2 Meeting (AutoAssign Chapter 13), Meeting (AutoAssign Chapter 13)) No. of Notices: 10. Service Date 01/18/2007. (Admin.) (Entered: 01/18/2007) |
| 01/18/2007 | 7 | BNC Certificate of Mailing. (RE: related document(s)5 ORDER directing plan payment to trustee and directing payment of residential mortgage pending meeting of creditors (BNC)) No. of Notices: 12. Service Date 01/18/2007. (Admin.) (Entered: 01/18/2007) |
| 01/18/2007 | 8 | BNC Certificate of Mailing. (RE: related document(s)4 Notice of Requirement to Complete Course in Financial Management (BNC)) No. of Notices: 12. Service Date 01/18/2007. (Admin.) (Entered: 01/18/2007) |
| 01/29/2007 | 9 | Request for special notice Filed by Creditor Chase Home Finance, LLC as servicing agent for Deutsche Bank National Trust Company. (Sorich, John) (Entered: 01/29/2007) |
| 01/29/2007 | 10 | Proof of service Filed by Creditor Chase Home Finance, LLC as servicing agent for Deutsche Bank National Trust Company (RE: related document(s)9 Request for special notice). (Sorich, John) (Entered: 01/29/2007) |
| 01/29/2007 | 11 | Notice of Override of Preferred Address 342(e). Exception creditor address submitted for this case only to override preferred noticing address. Filed by Creditor Chase Home Finance, LLC as servicing agent for Deutsche Bank National Trust Company. (Sorich, John) (Entered: 01/29/2007) |

| 01/29/2007 | 12 | Proof of service *for proof of claim no. 1 and notice of address* Filed by Creditor Chase Home Finance, LLC as servicing agent for Deutsche Bank National Trust Company (RE: related document(s)11 Notice of Override of Preferred Address 342(e), Notice of Override of Preferred Address 342(e)). (Sorich, John) (Entered: 01/29/2007) |
| --- | --- | --- |
| 02/07/2007 | 13 | In accordance with the Administrative Order 07-02 dated 2/5/07, this case is hereby reassigned from Judge John E. Ryan to Judge Robert N. Kwan. (Bolte, Nickie) (Entered: 02/07/2007) |

| PACER Service Center | | | |
| --- | --- | --- | --- |
| Transaction Receipt | | | |
| 02/12/2007 14:44:08 | | | |
| PACER Login: | us8218 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 8:07-bk-10123-RK Fil or Ent: filed To: 2/12/2007 Doc From: 0 Doc To: 99999999 Term: included Format: HTML |
| Billable Pages: | 2 | Cost: | 0.16 |

# CERTIFICATE OF SERVICE

I am employed in the County of Orange, State of California, in the Office of the United States Trustee under the supervision of a member of the bar of this Court at whose direction the service was made; I am over the age of 18 and not a party to the within action; and my business is 411 West Fourth Street, Suite 9041, Santa Ana, California 92701-8000.

On February 15, 2007, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS CASE PURSUANT TO 11 U.S.C. §109(h); POINTS AND AUTHORITIES; DECLARATION OF TARI K. KING; AND EXHIBITS** on the interested parties at their last known address in this action by placing a true and correct copy thereof in a sealed envelope with postage thereon fully in the United States mail at Santa Ana, California, addressed as follows:

**DEBTOR:**
GARY LEROY BOYNE, JR.
8343 SAN CLEMENTE WAY
BUENA PARK, CA 90620

**DEBTOR'S COUNSEL:**
IN PRO PER

**CHAPTER 13 TRUSTEE:**
AMRANE COHEN
770 THE CITY DRIVE SOUTH
SUITE 3300
ORANGE, CA 92868

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 2/15/07

TARI KING
Legal Clerk

109(h)(1)/